FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, California 92101
Telephone:    619/239-4599
Facsimile:    619/234-4599

ADAM J. LEVITT
levitt@whafh.com
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Telephone: 312/984-0000; Fax: 312/984-0001

WILLIAM J. DOYLE
bill@doylelowther.com
DOYLE LOWTHER LLP
9466 Black Mountain Road, Ste. 210
San Diego, California 92126
Telephone: 619/573-1700; Fax: 619/573-1701

Attorneys for Plaintiffs
[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER W. MCKEWON and CHRISTOPHER WILSON, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| vs. | |
| SONY NETWORK ENTERTAINMENT AMERICA, INC., a Delaware Corporation; SONY COMPUTER ENTERTAINMENT AMERICA LLC, a Delaware Limited Liability Company, | **JURY TRIAL DEMANDED** |
| Defendants. | |

CLASS ACTION COMPLAINT

- 1 -

1    Plaintiffs Christopher W. McKewon and Christopher Wilson ("Plaintiffs"), on behalf of
2  themselves and all others similarly situated ("Class," as defined below), bring the following class
3  action complaint against defendants Sony Network Entertainment America, Inc., ("SNEA") and
4  Sony Computer Entertainment America LLC ("SCEA") (collectively "Sony" or "Defendants"),
5  and upon personal knowledge as to their own acts and status, and upon information and belief as to
6  all other matters, allege as follows:

7                              **I. NATURE OF THE ACTION**

8    1.    This action arises from Sony's negligent failure to adequately protect the personal
9  and financial user account information of millions of users of its PlayStation Network and Qriocity
10 services (collectively, "Sony Online Services"), as well as Sony's failure to promptly and properly
11 notify those users of the compromise of their personal and financial information following an
12 unauthorized intrusion of Sony's data systems by third-parties unknown.

13   2.    As a result of Sony's failures, users of Sony Online Services are subject to
14 heightened risk of identity theft and credit card fraud and have been deprived the opportunity to
15 take immediate protective measures against such harms.

16   3.    Furthermore, Sony's failures have caused and continue to cause users of Sony
17 Online Services fear, apprehension, and other direct financial expenses associated with credit
18 monitoring, replacement of compromised credit card numbers, and other measures needed to
19 protect against fraud.

20   4.    Additionally, after Sony Online Services user account information was
21 compromised, Sony turned off the PlayStation Network and Qriocity services, causing further
22 damage to Plaintiffs and the other members of the proposed class ("Class"), including loss of use
23 of Sony Online Services and the full functionality of hardware, including Sony PlayStation
24 consoles and PlayStation Portable devices, and software, including automatically renewing
25 subscriptions that provide access to particular products or services for specified periods of time on
26 the PlayStation Network, for which they paid valuable consideration to Defendants or to related
27 Sony entities.

28

CLASS ACTION COMPLAINT

5.     Moreover, Defendants knew that the PlayStation Network was vulnerable to data breach, but nevertheless failed to sufficiently warn users of the risk of data breach, failed to remedy defects in the PlayStation Network that made it vulnerable to data breach, and continued to encourage consumers to buy Sony hardware and to subscribe to the PlayStation Network without warning consumers about the risks inherent in purchasing and relying upon Defendants' inadequate data security.

6.     Thus Plaintiffs and the other members of the Class have sustained injuries in fact arising from Defendants' conduct as alleged herein.

7.     Plaintiffs bring this lawsuit against Defendants on behalf of themselves and a nationwide class of all other similarly situated users of Sony's Online Services, alleging negligence, violation of California state laws, and for injunctive and declaratory relief.

## II.  JURISDICTION AND VENUE

8.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).   In the aggregate, Plaintiffs' claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, and there are numerous class members who are citizens of states other than Defendants' state of citizenship.

9.     This Court has jurisdiction over Defendants because a substantial portion of the wrongdoing alleged in this Complaint took place in the State of California, because Defendants have their principal place of business in and are authorized to do business in the State of California, and because Defendants agreed to submit to personal jurisdiction in the State of California for disputes arising out of or relating to Sony Online Services.

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants reside in this in this District, many of the acts and transactions giving rise to this action occurred in this District, and Defendants are subject to personal jurisdiction in this District.

## III.  PARTIES

*Plaintiff*

11.    Christopher W. McKewon is a citizen of the State of California.  Mr. McKewon purchased a Sony PlayStation 3 console and created a user account on the PlayStation Network in or around November 2006, for which he provided Defendants personally identifying information

CLASS ACTION COMPLAINT

1  including his name, address, country, email address, and birthdate as well as his credit card
2  number. On or about April 20, 2011, Mr. McKewon was no longer able to access the PlayStation
3  Network and on or about April 26, 2011, Mr. McKewon received an email
4  from"PlayStation_Network@playstation-email.com" informing him that an unauthorized person
5  had obtained the personally identifying information he had provided to Defendants as well as
6  warning that "your credit card number (excluding security code) and expiration date may have
7  been obtained."

8      12.    Christopher Wilson is a citizen of the State of Texas. Mr. Wilson purchased a Sony
9  PlayStation 3 console and created a user account on the PlayStation Network in or around March
10  2010, for which he provided Defendants personally identifying information including his name,
11  address, country, email address, and birthdate as well as his credit card number. On or about April
12  20, 2011, Mr. Wilson was no longer able to access the PlayStation Network and on or about April
13  27, 2011, Mr. Wilson received an email from"PlayStation_Network@playstation-email.com"
14  informing him that an unauthorized person had obtained the personally identifying information he
15  had provided to Defendants as well as warning that "your credit card number (excluding security
16  code) and expiration date may have been obtained."

17  *Defendants*

18      13.    Sony Network Entertainment America, Inc. ("SNEA"), is a Delaware corporation
19  with its executive offices, principal place of business, and corporate headquarters in Foster City,
20  California. SNEA was formed on April 1, 2010, handles Sony's Bravia brand of televisions, Blu-
21  ray players, and, as of April 1, 2011, is responsible for all Sony Online Services including the
22  PlayStation Network and Qriocity.

23      14.    Sony Computer Entertainment America LLC ("SCEA") (f/k/a Sony Computer
24  Entertainment America, Inc.), is a Delaware limited liability company with its executive offices,
25  principal place of business, and corporate headquarters in Foster City, California. SCEA was
26  responsible for the PlayStation Network until it was transferred to SNEA on April 1, 2011. SCEA
27  handles Sony's PlayStation brand, including the PlayStation 3 computer entertainment system and
28  the PlayStation Portable handheld entertainment system.

CLASS ACTION COMPLAINT

1    15.    Non-party Sony Corporation of America ("SCA") is a Delaware corporation with
2  its headquarters in New York, New York and is the corporate parent of SNEA and SCEA. SCA is
3  the United States subsidiary of non-party Sony Kabushiki Kaisha ("Sony Corporation" in English),
4  a Japanese corporation headquartered in Tokyo that is a leading manufacturer of audio, video,
5  communications, and information technology products for the consumer and professional markets.
6  Sony Corporation's motion picture, television, computer entertainment, music, and online
7  businesses make it one of the most comprehensive entertainment and technology companies in the
8  world.    Other than Defendants SNEA and SCEA, Sony's U.S. businesses include Sony
9  Electronics, Inc., Sony Pictures Entertainment Inc., and Sony Music entertainment.  Sony recorded
10  consolidated annual sales of approximately \$78 billion for the fiscal year ended March 31, 2010
11  and employs 167,900 people worldwide.

12                          IV.  **FACTUAL ALLEGATIONS**

13  **PlayStation, Sony Online Services, and User Accounts**

14    16.    The PlayStation brand is a series of video game consoles and other related products
15  created and developed by SCEA, its predecessors, and/or affiliated Sony Corporation companies.
16  The PlayStation brand was first introduced on December 3, 1994 in Japan.

17    17.    The current generation of the PlayStation video game console is the PlayStation 3
18  ("PS3"). The third in the PlayStation series of video game consoles, the PS3 is part of the seventh
19  generation of video game consoles within the video game console industry.  The PS3 features a
20  "Cell" microprocessor and is capable of reading Sony's proprietary Blu-ray optical disc storage
21  medium.  PS3 consoles also feature a wired Gigabit Ethernet adapter, and, on all models other than
22  certain PS3s with twenty gigabytes of hard disc storage capacity, a wireless internet adapter, either
23  of which allow all PS3 consoles to connect to the PlayStation Network using any standard internet
24  connection. Sony and/or its affiliates have sold over 47.9 million PS3 consoles worldwide.

25    18.    Sony also created and developed a handheld game console called the PlayStation
26  Portable ("PSP").    The PSP, either through its internal Wi-Fi adapter or through a wired
27  connection, is also capable of connecting to the internet and the PlayStation Network.  Sony and its

28

CLASS ACTION COMPLAINT

- 4 -

1 │ affiliates have sold more than 67.8 million PlayStation Portable handheld video game devices
2 │ worldwide.

3 │     19.    One of the major features of the PS3 and the PSP are their ability to access Sony's
4 │ unified online gaming and media service, the PlayStation Network.

5 │     20.    Sony's PlayStation Network is specifically designed for use with the PS3 or the
6 │ PSP. The PlayStation Network allows individuals to play multi-player games with (or against)
7 │ each other online. The PlayStation Network also provides the medium through which account
8 │ holders can purchase content, including video games and other forms of media, from SNEA
9 │ online. As of April 2011, there are 77 million registered PlayStation Network accounts.

10 │     21.    Qriocity is Sony's streaming music, games, e-books, and video on demand service
11 │ that has been marketed in the United States since April, 2010. An individual can register a stand-
12 │ alone Qriocity account, of which there are approximately 2,000,000 such accounts, to access the
13 │ service or can use an already existing PlayStation Network account to sign in to the Qriocity
14 │ service. A Qriocity account may be transitioned into a PlayStation Network account, but not the
15 │ other way around.

16 │     22.    In order to create a PlayStation Network account or a Qriocity account to access
17 │ Sony Online Services, an individual must provide Sony with personally identifying information.
18 │ ("PII"). To create a PlayStation network account, an individual must provide their date of birth,
19 │ name, mailing address, and email address. To create a Qriocity account, an individual must
20 │ provide their date of birth and email address. To make purchases through either account with a
21 │ credit card, an individual must provide Sony with valid credit card information at the time of
22 │ purchase that Sony maintains and stores for purposes of charging future purchases.

23 │     23.    Although there is no fee associated with creating a Sony Online Services account,
24 │ some content provided on the PlayStation Network or through Qriocity costs money.

25 │     24.    Upon information and belief, Sony did not maintain adequate data security practices
26 │ or reasonable measures to protect the integrity of personal and financial information.

27 │     25.    On information and belief, Sony has been aware of the vulnerability of the
28 │ PlayStation Network to unauthorized attack but has failed to take sufficient action to protect the

CLASS ACTION COMPLAINT

- 5 -

1 | PlayStation Network or properly follow industry standards for protection personal and/or financial
2 | information.

3 | **The April 17 -19 Data Breach**

4 | 26.     On or about April 17 – 19, 2011, an unknown person or persons gained access to
5 | PlayStation Network and stole the personal information of every registered Sony Online Services
6 | account holder, including users' names, addresses, email addresses, birthdates, logins and
7 | handles/PSN online IDs, passwords and the answers to private security questions, and may have
8 | also stolen those users' financial information, including their credit card numbers, billing
9 | addresses, and purchase histories.

10 | 27.     This personal and/or financial information can be used to commit identify theft and
11 | other financial crimes.  Significantly, the compromised personal and financial information could
12 | be used to lure registered account holders to provide even more sensitive personal and financial
13 | information through various types of internet scams.

14 | 28.     Several users whose personal information was stolen during the Sony breach have
15 | complained of having their personal email accounts that were connected with the PlayStation
16 | Network Accounts hacked into following the breach, and have had to go through significant effort
17 | and distress to regain access to their accounts.

18 | 29.     Even though Sony knew it was dealing with a major data breach that occurred
19 | between April 17 – 19, 2011, *Sony did not even begin notifying Sony Online Service account*
20 | *holders of the breach until seven days after it occurred*, on April 26, 2011, by issuing a 'Consumer
21 | Alert' press release and following up with individual e-mails.

22 | 30.     Sony's Consumer Alert stated, in part, as follows:

23 | Valued PlayStation Network/Qriocity Customer:

24 | We have discovered that between April 17 and April 19, 2011, certain PlayStation
Network and Qriocity service user account information was compromised in
25 | connection with an illegal and unauthorized intrusion into our network. In
response to this intrusion, we have:
26 |

27 | 1. Temporarily turned off PlayStation Network and Qriocity services;

2. Engaged an outside, recognized security firm to conduct a full and
28 | complete investigation into what happened; and

CLASS ACTION COMPLAINT

3. Quickly taken steps to enhance security and strengthen our network infrastructure by re-building our system to provide you with greater protection of your personal information.

We greatly appreciate your patience, understanding and goodwill as we do whatever it takes to resolve these issues as quickly and efficiently as practicable.

Although we are still investigating the details of this incident, we believe that an unauthorized person has obtained the following information that you provided: name, address (city, state, zip), country, email address, birthdate, PlayStation Network/Qriocity password and login, and handle/PSN online ID. It is also possible that your profile data, including purchase history and billing address (city, state, zip), and your PlayStation Network/Qriocity password security answers may have been obtained. If you have authorized a sub-account for your dependent, the same data with respect to your dependent may have been obtained. While there is no evidence at this time that credit card data was taken, we cannot rule out the possibility. If you have provided your credit card data through PlayStation Network or Qriocity, out of an abundance of caution we are advising you that your credit card number (excluding security code) and expiration date may have been obtained.

For your security, we encourage you to be especially aware of email, telephone, and postal mail scams that ask for personal or sensitive information. Sony will not contact you in any way, including by email, asking for your credit card number, social security number or other personally identifiable information. If you are asked for this information, you can be confident Sony is not the entity asking. When the PlayStation Network and Qriocity services are fully restored, we strongly recommend that you log on and change your password. Additionally, if you use your PlayStation Network or Qriocity user name or password for other unrelated services or accounts, we strongly recommend that you change them, as well.

To protect against possible identity theft or other financial loss, we encourage you to remain vigilant, to review your account statements and to monitor your credit reports. We are providing the following information for those who wish to consider it:

U.S. residents are entitled under U.S. law to one free credit report annually from each of the three major credit bureaus. To order your free credit report, visit www.annualcreditreport.com or call toll-free (877) 322-8228.

We have also provided names and contact information for the three major U.S. credit bureaus below. At no charge, U.S. residents can have these credit bureaus place a "fraud alert" on your file that alerts creditors to take additional steps to verify your identity prior to granting credit in your name. This service can make it more difficult for someone to get credit in your name. Note, however, that because it tells creditors to follow certain procedures to protect you, it also may delay your ability to obtain credit while the agency verifies your identity. As soon as one credit bureau confirms your fraud alert, the others are notified to place fraud alerts on your file. Should you wish to place a fraud alert, or should you

CLASS ACTION COMPLAINT

1    have any questions regarding your credit report, please contact any one of the
     agencies listed below. . . .

2    We thank you for your patience as we complete our investigation of this incident,
3    and we regret any inconvenience. Our teams are working around the clock on this,
     and services will be restored as soon as possible. Sony takes information
4    protection very seriously and will continue to work to ensure that additional
     measures are taken to protect personally identifiable information. Providing
5    quality and secure entertainment services to our customers is our utmost priority.
6    Please contact us at 1-800-345-7669 should you have any additional questions.

     Sincerely,
7
     Sony Computer Entertainment and Sony Network Entertainment
8

9        31.     Sony began sending e-mails to Sony Online Services account holders containing the
10   same content as the Consumer Alert thereafter.

11       32.     Even though Sony failed to promptly notify Sony Online Services account holders

12   of the breach, Sony shut down all Sony Online Services promptly after its own discovery of the

13   data breach, denying Sony Online Services account holders access to their accounts and to the

14   products and services only available on the PlayStation Network or Qriocity for which they had

15   paid Defendants valuable monetary consideration.

16       33.     The PlayStation Network has remained turned off for nearly two weeks. The only

17   information provided to users when they attempted to login to the PlayStation Network was that

18   the network was "undergoing maintenance."

19       34.     Although Sony itself has admitted the prudence and need for registered Sony

20   Online Services account holders to monitor their credit card statements and credit reports, Sony's

21   only assistance is that they will provide a "complimentary offering to assist users in enrolling in

22   identity theft protection services and/or similar programs." Sony has stated that the programs will

23   be provided on the local level, and no specific details as to the offerings have been provided.

24       35.     On May 1, 2011, during a televised Sunday afternoon press conference held in

25   Japan, Sony Corporation executives, including Kazuo Hirai, Executive Deputy President of Sony

26   Corporation and Chairman of SCEA, bowed deeply to the cameras after Mr. Hirai stated (as

27   translated from Japanese) "We'd like to extend our apologies to the many PlayStation Network

28

CLASS ACTION COMPLAINT

- 8 -

1  and Qriocity users who we worried . . . We potentially compromised their customer data.  We offer
2  our sincerest apologies."

3      36.    At this same press conference, Sony Corporation Chief Information Officer Shinji
4  Hasejima admitted that the Data Breach of the PlayStation Network occurred because of a known
5  vulnerability in the web application server platform used in PlayStation Network, stating the
6  "vulnerability was a known vulnerability."

7  **V.  CLASS ACTION ALLEGATIONS**

8      37.    Plaintiffs bring this action on behalf of themselves and as a class action, pursuant to
9  the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf
10 of a Nationwide Class ("Class") defined as:

11     All persons or entities that created a user account on the PlayStation Network or
12     Qriocity service ("Sony Online Services") prior to April 17, 2011, all of whom
    suffered a loss of service and the compromise of their personal and/or financial
13     information on or about April 17-19, 2011.

14     38.    Excluded from the Class are Defendants and their subsidiaries and affiliates; all
15 persons who make a timely election to be excluded from the Class; governmental entities; and the
16 judges to whom this case is assigned and any immediate family members thereof.

17     39.    Certification of Plaintiffs' claims for class-wide treatment is appropriate because
18 Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as
19 would be used to prove those elements in individual actions alleging the same claims.

20     40.    **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the
21 Class are so numerous that individual joinder of all Class members is impracticable.  Plaintiffs are
22 informed and believe that there are tens of millions of individual users of Sony Online Services
23 that created user accounts that were compromised in the April 17-19, 2011 Data Breach.  The
24 precise number of Class members and their addresses is unknown to Plaintiffs; but may be
25 ascertained from Defendants' books and records.  Class members may be notified of the pendency
26 of this action by recognized, Court-approved notice dissemination methods, which may include
27 U.S. mail, electronic mail, Internet postings, and/or published notice.

28     41.    **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2)**

**and 23(b)(3).** This action involves common questions of law or fact, which predominate over any questions affecting individual Class members. All Class Members have had their Sony Online Services user accounts, and the personal and/or financial information contained therein, compromised following the April 17-19, 2011 Data Breach. Common questions of law or fact, include, without limitation:

    a. whether Defendants engaged in the conduct alleged herein;

    b. whether Defendants' conduct constitutes negligence;

    c. whether Defendants' conduct violates California law;

    d. whether Defendants misrepresented the security of Sony Online Services;

    e. whether Defendants unreasonably delayed in making Sony Online Services secure;

    f. whether Defendants unreasonably delayed in giving Plaintiffs and the other members of the Class notice that their personal and/or financial information had been compromised following the April 17-19, 2011 Data Breach;

    g. whether Defendants unreasonably deprived Plaintiffs and the other members of the Class access to Sony Online Services;

    h. whether Plaintiffs and the other members of the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, if so, in what amount; and

    i. whether Plaintiffs and the other members of the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

    42. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiffs' claims are typical of the claims of the other members of the Class because, among other things, all Class members were comparably injured through the uniform misconduct described above and were subject to the April 17-19, 2011 Data Breach.

    43. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate Class representatives because their interests do not conflict with the

CLASS ACTION COMPLAINT

1  interests of the other members of the Class they seek to represent; they have retained counsel
2  competent and experienced in complex class action litigation; and Plaintiffs intend to prosecute
3  this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the Class'
4  interests.

5      44.  **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).**
6  Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and the other
7  members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as
8  described below, with respect to the members of the Class as a whole.

9      45.  **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior
10  to any other available means for the fair and efficient adjudication of this controversy, and no
11  unusual difficulties are likely to be encountered in the management of this class action. The
12  damages or other financial detriment suffered by Plaintiffs and the other members of the Class are
13  relatively small compared to the burden and expense that would be required to individually litigate
14  their claims against Defendants, so it would be impracticable for Class members to individually
15  seek redress for Defendants' wrongful conduct. Even if Class members could afford individual
16  litigation, the court system could not. Individualized litigation creates a potential for inconsistent
17  or contradictory judgments, and increases the delay and expense to all parties and the court system.
18  By contrast, the class action device presents far fewer management difficulties, and provides the
19  benefits of single adjudication, economy of scale, and comprehensive supervision by a single
20  court.

## VI.  CLAIMS FOR RELIEF

### COUNT I

#### (Negligence)

    46.  Plaintiffs incorporate by reference each of the above paragraphs of this Complaint
as though fully stated herein.

    47.  Defendants created, maintained, distributed, and marketed the Sony Online
Services, including the PlayStation Network and Qriocity services.

CLASS ACTION COMPLAINT

- 11 -

1    48.    Defendants required Plaintiffs and the other members of the Class to provide
2    personal information in order to access the Sony Online Services, including their name, address,
3    country, email address, birthdate, login name, and password. In addiction, in order to purchase
4    content from the Sony Online Services, Plaintiffs and the other members of the Class were
5    required to provide a valid credit card number, expiration date, security code, and billing address.
6    Defendants stored this sensitive personal and financial information on their data systems to be used
7    in connection with the operation of Sony Online Services.

8    49.    Defendants owed Plaintiffs and the other members of the Class a duty to properly
9    protect their personal and financial user account information that Sony stored on their data
10   systems.

11   50.    Defendants breached their duty when they failed to properly protect their data
12   systems from unauthorized access by third parties.

13   51.    Defendants reasonably should have known about the security defect to their data
14   systems before Plaintiffs' and the other members of the Class' personal and financial information
15   was obtained by an unauthorized third party. Had Sony properly designed, inspected, and tested
16   their data security system, it would have discovered and remedied the security defect.

17   52.    Plaintiffs and the other members of the Class were not aware of the security defect
18   of Defendants' data network at any time before suffering injury caused by the unauthorized breach
19   of that network. As a direct and proximate result of defendant's negligence, Plaintiffs and the
20   other members of the Class have suffered injury and damages in the amount to be determined at
21   trial. Plaintiffs and the other members of the Class are entitled to recover damages.

22   53.    Defendants also owed Plaintiffs and the other members of the Class a duty to notify
23   them when their personal and financial information was compromised to allow the Plaintiffs and
24   the Class to take adequate steps to protect the security of their personal and financial information.

25   54.    Defendants breached their duty when they failed to notify the Plaintiffs and the
26   other members of the Class for up to eight days following the unauthorized access of the users'
27   personal and financial information by unknown third parties.

28

CLASS ACTION COMPLAINT

- 12 -

55.     Defendants reasonably should have known that the delayed notification to the Sony Online Services users of the data network breach would aggravate the users' injury caused by the breach.

56.     Plaintiffs and the other members of the Class were not aware of the unauthorized access to their personal and financial information by an unauthorized third party until Defendants notified them of it up to eight days later. Plaintiffs and the other members of the Class suffered injury caused by the delayed dissemination of that important information by Defendants. As a direct and proximate result of Defendants' negligence, Plaintiffs and the other members of the Class have suffered injury and damages in the amount to be determined at trial. Plaintiffs and the other members of the Class are entitled to recover damages.

## COUNT II

### (Violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*)

57.     Plaintiffs incorporate by reference each of the above paragraphs of this Complaint as though fully stated herein.

58.     The CLRA was enacted to protect consumers against unfair and deceptive business practices. The CLRA applies to Defendants' acts and practices described herein because it extends to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

59.     The circumstances giving rise to Plaintiffs' and the other Class members' allegations including the design, development, and marketing of the Sony Online Services, occurred in the State of California. Additionally, Defendants maintain executive offices, principal place of business, and corporate headquarters in Foster City, California. Accordingly, application of California law is appropriate.

60.     The Sony Online Services are "services" within the meaning of Cal. Civ. Code § 1761(b).

61.     Plaintiffs and each of the other Class members are "consumers" within the meaning of Cal. Civ. Code § 1761(d).

CLASS ACTION COMPLAINT

1      62.     Defendants had exclusive knowledge of undisclosed material facts, *i.e.* that the
2 Sony Online Services had a defective data security system which stored users personal and
3 financial information, which was not known to Plaintiffs or the other members of the Class.

4      63.     Defendants engaged in unfair acts and practices by withholding these material facts
5 from Plaintiffs and the other members of the Class.

6      64.     Plaintiffs and the Class were not aware of the failures and defects in the Sony
7 Online Services at the time of sale.

8      65.     Had Plaintiffs and the other Class members known of the failures and defects in the
9 Sony Online Services , they would not have purchased the Sony Online Services.

10     66.     Defendants have violated the CLRA by engaging the in the above unfair acts and
11 practices, which results in violation of §§ 1770(a)(5) and (a)(7); Defendants have represented that
12 the Sony Online Services have characteristics, uses and benefits that they do not have and
13 misrepresented the Sony Online Services were of a particular standard, quality, or grade.

14     67.     As a proximate result of Defendants' unfair acts and practices, Plaintiffs and the
15 other members of the Class suffered damages in purchasing and using the Sony Online Services..

16     68.     Pursuant to California Civil Code § 1782, Plaintiffs and the other members of the
17 Class seek an injunction to restrain Defendants from engaging in the unlawful, unfair, deceptive,
18 untrue, and misleading business acts alleged herein.  Not less than 30 days after the
19 commencement of this action, and after compliance with the provisions of the California Civil
20 Code § 1782(a), Plaintiffs and the other members of the Class will amend this complaint without
21 leave of court to include a request for damages.

22 **COUNT III**

23 **(Common Counts, Unjust Enrichment, Assumpsit, and Declaratory Relief)**

24     69.     Plaintiffs incorporate by reference each of the above paragraphs of this Complaint
25 as though fully stated herein.

26     70.     Defendants became indebted to Plaintiffs and the other members of the Class for
27 money had and received by Defendants and monies paid to Defendants or their agents at
28 Defendants' insistence and request, by which they have benefitted from the unlawful conduct of

CLASS ACTION COMPLAINT

1  depriving Plaintiffs and the other members of the Class the use of Sony Online Services following
2  the April 17-19 Data Breach.

3      71.    As a result of their conduct, Defendants have been unjustly enriched at the expense
4  of Plaintiffs and other members of the Class.  Under the circumstances, it would be against equity
5  and good conscience to permit Defendants to retain the ill-gotten benefits that they received in
6  light of their material violations of law detailed throughout this Complaint.

7      72.    By virtue of equitable principles in quasi-contract and assumpsit, and under
8  California law, Plaintiffs and other members of the Class are entitled to payment of such monies
9  and the establishment of a constructive trust consisting of the benefit conferred upon or obtained
10 by Defendants as a result of the acquisition and use of such data.  The Court should also issue
11 declaratory relief to declare the rights and responsibilities of the parties pursuant to the provisions
12 of Cal. Code of Civil Procedure §1060.

13                              **COUNT IV**

14                  **(Violation of Cal. Penal Code Section 532)**

15     73.    Plaintiffs incorporate by reference each of the above paragraphs of this Complaint
16 as though fully stated herein.

17     74.    As a result of wrongs committed herein as detailed above, Defendants have
18 knowingly and without permission caused to be accessed the personal and/or financial information
19 of Plaintiffs and the other members of the Class, within the meaning of Cal. Penal Code Section
20 532.

21     75.    Based on this violation, Plaintiffs and each of the other members of the Class are
22 entitled to damages, injunctive relief, and an award of attorneys' fees and costs, all as permitted
23 under this statute.

                                **COUNT V**

24
25  **(Violation of the Unlawful, Unfair and Fraudulent Business Acts and Practices Act
    California Business and Professions Code §17200, *et seq.*)**

26     76.    Plaintiffs incorporate by reference each of the above paragraphs of this Complaint
27 as though fully stated herein.

28

CLASS ACTION COMPLAINT
                                                        - 15 -

1    77.    The acts, omissions, misrepresentations, practices, and non-disclosures of
2    Defendants as alleged herein constitute unlawful, unfair and fraudulent business acts and practices
3    within the meaning of California Business & Professions Code §17200, *et seq.*

4    78.    Defendants have engaged in "unlawful" business acts and practices by violating
5    California Penal Code Sections 532 *et seq.*, California's invasion of privacy laws and protections
6    provided under this State's common, constitutional and statutory law and violating the other laws
7    detailed above.

8    79.    Defendants have also engaged in a "fraudulent" business act or practice in that the
9    omissions or misrepresentations of material fact described above have a tendency and likelihood to
10   deceive or mislead Plaintiffs and the other members of the Class.

11   80.    Defendants have also engaged in an "unfair" business act or practice in that any
12   justification for engaging in the conduct described above is outweighed by the gravity of the
13   resulting harm, particularly considering the available alternatives, and offends public policy, is
14   immoral, unscrupulous, unethical and offensive, or causes substantial injury to consumers,
15   including Plaintiffs and the other members of the Class.

16   81.    Defendants need only to have violated one of the provisions set forth in this cause
17   of action to be strictly liable therefor.

18   82.    Defendants' above-described unlawful, fraudulent, or unfair business acts and
19   practices continue through the present day and present a threat to the general public in that
20   Defendants has failed to publicly acknowledge the wrongfulness of their actions, stop the practices
21   complained of, and provide full equitable injunctive and monetary relief as required by statute.

22   83.    Plaintiffs suffered an injury in fact and a loss of money or property as a result of
23   Defendants engaging in such unfair business acts.

24   84.    Pursuant to California Business & Professions Code section 17203, Plaintiffs
25   request an Order of this Court requiring Defendants to immediately cease such unfair business acts
26   and enjoining Defendants from continuing to conduct business via the unlawful, fraudulent, or
27   unfair business acts and practices set forth in this Complaint.

28

CLASS ACTION COMPLAINT

85.     Plaintiffs also request an award of attorneys' fees and costs pursuant to Cal. Code of Civil Procedure section 1021.5 and the private Attorney General, substantial benefit and common fund doctrines.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class proposed in this Complaint, respectfully request:

A.     the Court certify the Class pursuant to Fed. R. Civ. P. 23(b)(2), and 23(b)(3), and adjudge Plaintiffs to be adequate representatives thereof;

B.     the Court enter an Order requiring Defendants to pay Plaintiffs' and the other Class members' actual damages (including multiple damages) or statutory damages, whichever is greater;

C.     the Court enter an Order awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendants from continuing the unlawful practices set forth above; directing Defendants to fully inform Plaintiffs and the other members of the Class the details of how their personal and/or financial information had been compromised, modify Sony Online Services so that they are no longer unreasonably susceptible to data breach, provide Plaintiffs and the other members of the Class credit monitoring services and conspicuously warn consumers of the risk of data breach when entrusting their personal and/or financial information with Defendants;

E.     the Court enter an Order awarding Plaintiffs and the other members of the Class their expenses and costs of suit, including reasonable attorneys' fees, to the extent provided by law; and

F.     for such other and further relief as may be just and proper.

//
//
//
//
//
//

CLASS ACTION COMPLAINT

- 17 -

## VIII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of all claims in this Complaint so triable.

DATED: May 3, 2011

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
FRANCIS M. GREGOREK
BETSY C. MANIFOLD
RACHELE R. RICKERT
PATRICK H. MORAN

BETSY C. MANIFOLD

750 B Street, Suite 2770
San Diego, California 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC
ADAM J. LEVITT
EDMUND S. ARONOWITZ
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Telephone: 312/984-0000
Facsimile: 312/984-0001
levitt@whafh.com
aronowitz@whafh.com

-and-

DOYLE LOWTHER LLP
WILLIAM J. DOYLE
JOHN A. LOWTHER
9466 Black Mountain Road, Suite 210
San Diego, California 92126
Telephone: 619/573-1700
Facsimile: 619/573-1701
bill@doylelowther.com
john@doylelowther.com

GOLDFARB BRANHAM LLP
CHARLES W. BRANHAM, III
HAMILTON LINDLEY

CLASS ACTION COMPLAINT

- 18 -

TODD GOLDBERG
2501 North Harwood, Suite 1801
Dallas, Texas 75201
Telephone: 214/583-2233
Facsimile: 214/583-2234
tbranham@goldfarbbranham.com
hlindley@goldfarbbranham.com
tgoldberg@goldfarbbranham.com

*Counsel for Plaintiffs*

CLASS ACTION COMPLAINT